Dear Mr. Fussell:
You have requested a reconsideration of Attorney General Opinion No. 92-129 which concluded that the Plaquemines Parish School Board's (School Board) sales and use tax approved by the electorate on January 18, 1992, is applicable to, and collectible on, both food and prescription drugs. You ask whether the provisions of LSA-R.S. 47:305.30 alter our opinion. LSA-R.S. 47:305.30 provides:
"§ 305.30. Exclusions and exemptions; Plaquemines Parish
 A. Notwithstanding the provisions of any other law to the contrary, the governing authority of any political subdivision in the parish of Plaquemines may exclude and exempt from any sales and use tax levied by such governing authority any item excluded and exempted from the sales and use taxes imposed by the state of Louisiana under Chapter 2 and Chapter 2-A of Title 47 of the Louisiana Revised Statutes of 1950.
 B. It is expressly provided that the provisions of this Section shall also be applicable to any sales and use taxes being imposed by such governing authority as of the date this Section becomes law; provided, that no bonds or other obligations payable from the proceeds of such taxes have been issued and are outstanding."
As can be seen from the above, the legislature has given local governing authorities in Plaquemines Parish (i.e., the School Board) the discretion to grant local sales tax exemptions. However, this provision must be read in pari materia with other statutory and constitutional provisions relating to the same subject matter.
As noted in Opinion No. 92-129, Article VI, Section 29(D) of the 1974 Louisiana Constitution limits the power to grant exemptions from sales taxes in the following manner:
 "Except when bonds secured thereby have been authorized, the legislature by law may uniformly exempt or exclude any goods, tangible personal property, or services from sales or use taxes levied by local governmental subdivisions, school boards, and the state." (Emphasis added.)
Subsequent to the issuance of Opinion No. 92-129, we were provided with documentation from the School Board and its bond counsel relating to the tax at issue. The tax proposition approved by the voters on January 18, 1992, reads, in pertinent part, as follows:
"PROPOSITION NO. 4"
 Shall the Parish School Board of the Parish of Plaquemines, State of Louisiana (the "School Board"), under the authority of Article VI, Section 29(A) of the Constitution of the State of Louisiana of 1974, and other constitutional and statutory authority, be authorized to levy and collect, and to adopt an ordinance providing for such levy and collection, a tax of one percent (1%) (the "Tax"), upon the sale at retail, the use, lease or rental, the consumption and the storage for use or consumption of tangible personal property and on sales of services in the Parish of Plaquemines (the "Parish"), all as defined in La. R.S. 47:301 through 47:317, inclusive, . . .; and shall the School Board be authorized to fund the proceeds of the Tax into bonds from time to time for the purpose of making said capital improvements to the public school system of the Parish to the extent and in the manner permitted by the laws of Louisiana, including, but not limited to, Sub-Part F, Part III, Chapter 4, Title 39 of the Louisiana Revised Statutes of 1950, as amended?" (Emphasis added.)
The sales tax ordinance was adopted by the School Board on February 3, 1992. On that same day, the School Board passed a resolution authorizing the advertisement for sealed bids for the purchase of $11,000,000.00 of Sales Tax School Bonds, ". . . payable solely from and secured by an irrevocable pledge and dedication of the avails or proceeds of the special one per cent (1%) sales and use tax being levied and collected by the Governing Authority, pursuant to an election held in the Parish on January 18, 1992."
By letter dated February 14, 1992, bond counsel to the School Board applied to the State Bond Commission for approval to issue, sell and deliver the subject bonds. Approval was granted on March 19, 1992. The bonds were delivered to the purchaser on May 26, 1992.
At its March 9, 1992, regular meeting, the School Board adopted the following resolution granting exemptions on sales of food and drugs from the 1% tax:
"RESOLUTION
 BE IT RESOLVED by the Plaquemines Parish School Board that the sales and use tax collector of the Parish of Plaquemines, State of Louisiana, be and he is hereby instructed to collect the 1% sales and use tax approved by the voters on January 18, 1992 in the same manner and on the same items as the previously authorized sales and use tax levied by the School Board is levied and collected, pending a final resolution on the question of the granting of exemptions on sales of food and drugs from said tax."
This March 9th resolution constitutes the only documentation furnished us evidencing the School Board's authorization, vel non, of exemptions on sales of food and prescription drugs vis-a-vis the tax under consideration.
As previously noted, the legislature statutorily authorized the School Board the discretion to grant local sales tax exemptions on food and prescription drugs. This authority is constitutionally prohibited when bonds secured by the tax have been authorized. While Article VI, Section 29(D) does not provide a definition of the word "authorized," the term was extensively debated by the redactors during the Constitutional Convention. A review of the Convention's transcripts leads to the conclusion that the delegates were fully cognizant of the difference between bonds which have merely been "authorized" and bonds which have been "issued" (i.e., outstanding). Given the option, they selected the broader concept of "authorized", rather than the more restrictive "issued". See Constitutional Convention of 1974, Verbatim Transcripts, 79th day's proceedings at pages 2157-2160 and the 80th day's proceedings at pages 2164-2166.
We specifically draw your attention to the 80th day's proceedings at page 2165:
"MR. CONROY
 But, here where you say "except where they have been authorized," those bonds could never be . . . would not ever have to be issued and the exemption would never be available.
MR. LANIER
 No, no. Where they are authorized . . . in other words, this gives protection from the moment they are authorized forward.
MR. CONROY
But, suppose they are never issued?
MR. LANIER
 Well, then if it is a new tax — and if you'll notice there is a difference between authorized and issued — authorized is when the legislature . . .
MR. CONROY
 That's my problem. If the bonds are authorized and never issued, the exemption never applies even though there is nothing to impair.
MR. LANIER
Well, if they're never issued, it doesn't make any difference anyway.
MR. CONROY
But, the exemption wouldn't apply
MR. LANIER
 That is correct. That's absolutely correct And that's what it is designed to protect.
Based on the information submitted for our review, we conclude that LSA-R.S. 47:305.30 gives the School Board the authority to grant local sales tax exemptions on food, and prescription drugs. Article VI, Section 29(D) prohibits local exemptions in cases where bonds secured by the tax have been authorized. Bonds secured by the 1% sales tax were authorized by the electorate on January 18, 1992. On February 3, 1992, the School Board, by resolution, authorized the advertisement for bids for the purchase of said bonds. By letter dated February 14, 1992, bond counsel to the School Board applied to the Bond Commission for approval to issue the bonds. These crucial dates precede the March 9th School Board resolution exempting food and prescription drugs from the 1% tax. Since the bonds in question were authorized prior to the granting of the exemptions, Article VI, Section 29 prohibits the application of the exemptions to the tax.
Trusting this sufficiently answers your question, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III:clm-0048R